IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 05-314 (JDB) |
| | : | |
| v. | : | Judge John D. Bates |
| | : | |
| JOSE LUIS SANTOS, | : | Sentencing October 24, 2005 |
| | : | |
| Defendant. | : | |

## MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing and requests that the Court, in determining the appropriate sentence for the defendant calculate and consider, as advisory, the pertinent sections of United States Sentencing Guidelines (Guidelines). In doing so, the United States concurs with the Presentence Investigation Report (PSR) that the appropriate Guidelines sentencing range is 0-6 months based upon an offense level calculation of 6 but does not concur with the Criminal History Category of II. The Government requests that the Court impose a 2-month sentence of incarceration, which is within the alternative applicable Guidelines ranges, and submits that such a sentence would be reasonable.

### Background

On August 11, 2005, the defendant was initially presented to the Magistrate Judge on a charge of Possession of Fraudulent Visas and Other Immigration Documents. The defendant was ordered held without bond pending a detention hearing. On information and belief, a detainer was lodged that same date by Immigration and Customs Enforcement. On September 8, 2005, the defendant pled guilty to a one-count information charging possession of fraudulent visas and

other immigration documents, without the benefit of a plea agreement. The defendant remained held without bond pending sentencing.

The offense of possession of fraudulent visas and other immigration documents is punishable by (i) imprisonment of up to ten years pursuant to 18 U.S.C. § 1546(a), (ii) a fine of up to $250,000 pursuant to 18 U.S.C. §3571(b)(3), and (iii) a term of supervised release not to exceed three years pursuant to 18 U.S.C. § 3583(b)(2). In addition, the defendant may be required to pay a special assessment of $100. See 18 U.S.C. § 3013.

The United States respectfully submits that nature of the offense and characteristics of the defendant are such that a sentence within the applicable Sentencing Guideline range is reasonable, after due consideration of the appropriate Sentencing Guideline range and the statutory sentencing objectives.[1] The United States requests that the defendant be sentenced to a 2-month term of incarceration, followed by two years of supervised release. United States submits that the defendant is not an appropriate candidate for a sentence of probation because of his prior criminal history.

## Recommended Sentence

The United States respectfully submits that in United States v. Booker, 125 S. Ct. 738 (2005), the United States Supreme Court upheld the Guidelines as the most appropriate benchmark for informing courts of the most reasonable sentence for a particular defendant who has committed a particular crime. Furthermore, in light of (1) the mandate that "[t]he district

---

[1] The United States submits that the defendant's updated version of the factual basis for the offense does not have a material impact because regardless of how the defendant obtained the fraudulent Resident Alien card, he possessed it on the date of the offense and he knew it was fraudulent.

courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Id. at 767 (citing 18 U.S.C.A. §§ 3553(a)(4)&(5) (Supp. 2004)), (2) the continued requirement of written explanations for sentences that fall outside of the range called for by the Guidelines, and (3) the new standard of "reasonableness" review – it is plain that a sentence within the Guidelines, while not required, is reasonable per se. Not only is a sentence within the Guideline range presumptively reasonable, but it also accommodates the salutary goal, endorsed by both Congress and the Supreme Court, of meting out fair and uniform sentences. The applicable Guidelines ranges should play a particularly prominent role in the sentencing of the defendant in this case because he can articulate no factor that has not already been considered by the United States Sentencing Commission.

**A.    Sentencing Guideline Range**

The Court should conclude the Sentencing Guidelines support the imposition of a two-month sentence of incarceration. The United States concurs with the calculation of the defendant's total offense level as 6: The base offense level is 8 under U.S.S.G. § 2L2.2(a). Because the defendant has accepted responsibility, he is entitled to a 2-level downward adjustment under U.S.S.G. § 3E1.1(a). The defendant's total offense level is therefore 6.

The United States does not concur with the calculation of the defendant's Criminal History Category as II, because of the lack of clarity concerning the defendant's prior criminal history. For example, the PSR indicates that the defendant was arrested for First Degree Robbery in Dallas, Texas on July 2, 1996, but it is not clear whether the defendant ultimately was convicted of this serious offense. PSR ¶ 24. Additionally, the defendant was twice convicted of disorderly conduct in Cowpens, South Carolina in 1999, and once again in 2001, and each time

was sentenced to 30 days or a fine. No criminal history points have been assigned to these prior convictions, however, because of the uncertainty surrounding whether the defendant served any custodial time as a result of these sentences. PSR ¶¶ 25, 26 & 29. If these potential prior convictions were more serious, or if the defendant's Total Offense Level were higher, resulting in a much lengthier potential sentence within the Guidelines range, the United States might propose continuing the sentencing hearing until greater clarity about the defendant's prior criminal history could be obtained: Although these three disorderly conduct convictions are minor offenses, any criminal history points assigned to two or more of them would have a material effect by increasing the defendant's Criminal History Category to III.

With a Total Offense Level of 6 and a Criminal History Category of II, the United States Sentencing Guidelines range for the defendant is 1-7 months. With a Total Offense Level of 6 and a Criminal History Category of III, the United States Sentencing Guideline range for the defendant is 2-8 months. Given the short period of incarceration supported by either of the two alternative Guidelines ranges, the United States submits that a sentence of two months of incarceration would eliminate the need to resolve the ambiguity in the defendant's Criminal History Category. Accordingly, by requesting a two-month sentence of imprisonment, the United States submits that this Court need not resolve whether the defendant has a Criminal History Category of II or III, because that is a sentence that falls within either Guideline range.

**B.    Other Sentencing Factors**

The Court should also conclude the history and characteristics of the defendant as well as the statutory sentencing factors support a sentence within the Guideline range. The defendant committed the offense while attempting to pursue gainful employment, and appears to have

entered the United States in order to work. PSR ¶¶ 4 & 37. The United States submits, however, that this defendant is not an appropriate candidate for probation because of his identified criminal history, which includes relatively recent convictions for Criminal Domestic Violence and Simple Assault & Battery. PSR ¶¶ 27 & 28.

The seriousness of the offense is manifested by the statutory maximum sentence of 10 years of imprisonment. In order to impose just punishment and to deter others from engaging in the same behavior, the United States submits that a sentence within the Guideline range is warranted in this case. A sentence within the Guideline range also would promote respect for law and protect the public, by assuring the public that criminal offenses such as this one will be appropriately punished. The defendant does not appear to require educational or vocational training or medical care in the United States.

## Conclusion

The United States submits that fidelity to the Guidelines best accomplishes the purpose of fair and consistent sentencing and should occur absent unusual circumstances, with due regard for the information contained in the presentence report for the Court in this case, in which the applicable Sentencing Guidelines range is calculated and the history and characteristics of the defendant as well as the defendant's history of criminal convictions are set forth for the consideration of the Court in imposing a sentence. In this case, the United States respectfully

requests that the Court impose a sentence of two months of incarceration followed by two years of supervised release.

                                      Respectfully submitted,

                                      KENNETH L. WAINSTEIN
                                      UNITED STATES ATTORNEY


By: _____
     Catharine A. Hartzenbusch
     Assistant United States Attorney
     D.C. Bar No. 450-194
     555 Fourth Street, NW, Room 4233
     Washington, DC 20530
     (202) 353-8822
     Catharine.Hartzenbusch@usdoj.gov


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I will cause to have the foregoing served upon counsel for the defendant, Lara Quint, Esq., by electronic filing this 21st day of October, 2005.


_____
ASSISTANT UNITED STATES ATTORNEY